Original

**06   635**
**TOWNES, J.**
**BLOOM, M.J.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
Case Number: M-06-412
(Criminal No. 06-145 DSD/ASB District of Minnesota)

UNITED STATES OF AMERICA, )
                                      )
        Plaintiff,   )
                                      )   MOTION FOR RETURN
       v.                    )   OF PROPERTY
                                      )   F.R.Cr.P. 41(g)
NOBUMOCHI FURUKAWA   )
                                      )
        Defendant.   )

**RECEIVED**
**NOV 2 2 2006**
**PRO SE OFFICE**

Defendant moves this Court for an Order directing the Government to return all items seized from 41-25 Kissena Boulevard, #4A, Flushing, NY 11355, pursuant to F.R.Cr.P. 41(g).

See Memorandum attached hereto.

1

Dated: November 10, 2006

                               Respectfully Submitted,

                               Nobumochi Furukawa, Pro Se
                               41-25 Kissena Boulevard #4A
                               Flushing, NY 11355

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
Case Number: M-06-412
(Criminal No. 06-145 DSD/AJB DISTRICT OF MINNESOTA)

UNITED STATES OF AMERICA,   )
                            )
        Plaintiff,          )
                            )       MEMORANDUM IN SUPPORT FOR
                            )       MOTION FOR RETURN OF
    v.                      )       PROPERTY F.R.Cr.P. 41(g)
                            )
NOBUMOCHI FURUKAWA          )
                            )
        Defendant.          )

Rule 41(g) provides:
   (g) MOTION TO RETURN PROPERTY
   A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant;

1

but may impose reasonable conditions to protect access to the property and its use in later proceedings.

In <u>United States v. Martinson</u>, 809 F.2d 1364, 1370 (9th Cir. 1987), the Court held that "district court has both the jurisdiction and the duty to return the contested property 'once the government's need for it has ended.'" (Citing <u>United States v. Wilson</u>, 176 U.S. App. D.C. 321, 540 F.2d 1100, 1103-4 (D.C. Cir. 1976)). "Moreover, the existence of adequate civil remedies neither discharges the court's duties nor disturbs its jurisdiction." <u>United States v. Wingfield</u>, 822 F.2d 1466, 1470 (10th Cir. 1987); see also <u>Martinson</u>, 809 F.2d at 1368; <u>Wilson</u>, 540 F.2d at 1104.

Accordingly, the district court must discharge its duty under Rule 41(g) to hear and decide the issues.

There are three parties who were deprived of property: the defendant, his spouse, and Arm Internet Consulting, Inc. ("the company") Defendant will be able to identify items belonging to himself or the company. Defendant's spouse will be able to identify items belonging to her.

Arm Internet Consulting, Inc. needs its property to continue operating as a going concern, and to properly file and pay taxes. The government has had six months to investigate and create copies of any items it needs. The movant will agree to have any contraband deleted

prior to having the items returned, from all electronic media, but only the contraband, since there may exist other data, such as customer or financial records, as well as intellectual property indispensable for normal operation of business.

The Assistant U.S. Attorney prosecuting the defendant, Ms. Michella Jones, has stated "The United States hereby certifies that it does not intend to utilize any evidence seized during the execution of the search warrants at the defendant's residence and business locations in New York." Response of the United States to defendant's motion to dismiss or exclude from evidence, Exhibit B. Since the government does not intend to use any evidence in proceedings against the defendant, all items must be

returned to its owners.

"If the United States' legitimate interests can be satisfied even if the property is returned, continued retention of the property would become unreasonable." Rule 41 1989 Amendments - Advisory Committee Notes

Further, a court may grant 41(g) motion if the defendant cannot operate his business without the seized computer equipment and the government can work equally well from a copy of the seized files. See United States v. Bryant, 1995 WL 555700, at *3 (S.D.N.Y. Sept. 18, 1995)(referring to magistrate judge's prior unpublished ruling ordering the return of computer equipment, and stating that "the Magistrate Judge found that defendant needed this

5

machinery to operate his business").

### CONCLUSION

With Government's certification that the seized evidence will not be used, no claim by the government that the evidence contains contraband, and person and entity, with no charges of crimes by the government, being aggrieved, all items must be returned to their owners.

Dated November 10, 2006                    Respectfully Submitted

                                           Nobumochi Furukawa, Pro Se
                                           41-25 Kissena Boulevard
                                           #4A
                                           Flushing, NY 11355

## CERTIFICATE OF SERVICE

This certifies that I have on this 20th day of November, 2006, placed a true and exact copy of the

MOTION FOR RETURN OF PROPERTY
F.R.Cr.P. 41(g)

in the U.S. Mail, first class postage prepaid, addressed to:

Roslynn R. Mauskopf
U.S. Attorney
147 Pierrepont St.
Brooklyn, NY 11201

Nobumochi Furukawa, Pro Se
41-25 Kissena Blvd #4A
Flushing, NY 11355